191 So. 243

## KIDD v. ROBERTS et al.

### 7 Div. 572.

Supreme Court of Alabama.

June 15, 1939.

Rehearing Denied Oct. 12, 1939.

Further Application for Rehearing Stricken Nov. 2, 1939.

Rutherford Lapsley, of Anniston, for appellant.

Knox, Acker & Sterne, of Anniston, for appellees.

ANDERSON, Chief Justice.

The appellant's brief states his cause of action as being under the Workmen's Compensation Act and, if such be conceded, his appeal or attempted review would have to be dismissed for not having been sought within thirty days as required by § 7571 of the Code of 1923.

It is obvious, however, that the action was intended under the Employers' Liability Act, § 7598, Subdivision 2, of the Code of 1923, and we shall so treat it. Subdivision 2 deals with the negligence of a superintendent of the master. The com-plaint, count 1, charges one Croley with negligently ordering the plaintiff to ascend to a certain scaffold which was weak and unsound, and count 2 charges willful or wanton misconduct in directing the plaintiff to ascend upon a ladder known to be weak and insufficient: while both counts charge the plaintiff's injuries to be caused by the giving way of the ladder which caused him to fall to the ground some eighteen feet, thus injuring him, &c.

We might justify the giving of the general charge for the defendants on several grounds, as it is questionable, if Croley was not an independent contractor and not an employee of Roberts, or that the plaintiff himself was not an independent contractor with Croley. We prefer, however, justifying the trial court for giving said charge upon the idea that there was a material and fatal variance between the cause of the injuries charged and the one proved. Each count charged the plaintiff's injuries were caused by a fall from the ladder which "gave way," when the proof does not show that the ladder gave way or caused him to fall, but the "scaffold fell with me." See, plaintiff's testimony on page 12 of the record.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.